UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHRISTIAN PERALTA, individually and on
behalf of those individuals similarly situated,

                                    Plaintiff,

                    - against -

JD BEVERAGE CORP. and JOSE DIAZ,

                                    Defendants.

COMPLAINT

Case No.:

Plaintiff, **CHRISTIAN PERALTA** ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, **ZABELL & ASSOCIATES, P.C.**, complains and alleges as follows:

## I.    PRELIMINARY STATEMENT

1.    Plaintiff brings this action seeking monetary damages, declaratory relief, and affirmative relief based upon Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.; New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, et seq.; New York State Department of Labor Regulations ("NYDOL Regs"), N.Y.C.R.R. § 142-2.2, common law, and other appropriate rules, regulations, statutes and ordinances.

2.    Plaintiff alleges pursuant to the FLSA and NYLL, that he is entitled to recovery from Defendants: (1) overtime compensation for all hours worked in excess of forty (40) hours per week; (2) minimum wage for all hours worked; (3) any and all relief due and owing to Plaintiff for Defendants' failure to provide

proper meal periods; (4) any and all relief due and owing to Plaintiff for Defendants' failure to maintain employment records; (5) interest on all compensation Defendants withheld; (6) an award of $5,000.00; the maximum penalty for violations of NYLL § 195 for Defendants' violation of the Wage Theft Prevention Act; (7) an award of $5,000.00; the maximum penalty for violations of NYLL § 195 for Defendants' failure to furnish wage statements/pay stubs (8) liquidated damages; and (9) attorneys' fees and costs.

## II. JURISDICTION AND VENUE

3.  This Court maintains jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1367.

4.  This Court maintains jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

5.  This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct alleged herein occurred within the State of New York, in the Counties of Suffolk and Nassau.

6.  This Court is empowered to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## COLLECTIVE ACTION ALLEGATIONS

7.  This action is properly maintainable as a collective action pursuant to 29 U.S.C. § 216(b).

8.  This action is brought on behalf of Plaintiff and a class consisting of similarly

situated employees all of whom work or have worked for Defendants.

9.  At all relevant times, Plaintiff and other FLSA collective action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, are and have been subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay at a rate of one and one-half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) hours per week.

10. Upon information and belief, there are many current and former employees who are similarly situated to Plaintiff, all of whom have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of Defendants' current and former employees' interests as well as his own interests in bringing this action.

11. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendants at any time during the six (6) years prior to the filing of their respective consent forms.

12. Plaintiff and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of Defendants' common policy and/or plan to violate the FLSA by failing to provide overtime wages, at the rate of one and one-half (1.5) times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

3

13. The Collective Action Members are similarly situated to Plaintiff in that they were each employed by Defendants as non-exempt employees and were systematically denied overtime premium pay for hours worked beyond forty (40) in each workweek.

14. The exact number of such individuals in presently unknown, but is known by Defendants and can (and will) be ascertained in the course of discovery.

### III.   PARTIES

15. Plaintiff, **CHRISTIAN PERALTA** (*hereinafter* "Plaintiff"), was at all times relevant herein, a domiciliary of the State of New York, residing in Freeport, New York.

16. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and Section 190(2) of the NYLL, N.Y. Lab. Law § 190(2).

17. Upon information and belief, Defendant, **JOSE DIAZ**, was at all times relevant herein, a domiciliary of the State of New York.

18. Upon information and belief, Defendant **JD BEVERAGE CORP.**, is a domestic business corporation operating at 157 Manor Street, Plainview, New York 11603.

19. Upon information and belief, Defendant **JD BEVERAGE CORP.**, is a wholesale distributor for products produced by Arizona Beverages USA d/b/a AriZona.

20. Upon information and belief, Defendant **JOSE DIAZ** was owner, or part owner and principal of Defendant **JD BEVERAGE CORP.**, and (1) had the power to

4

hire and fire employees; (2) supervised and controlled employee work schedules and the work environment; (3) determined the rate and method of payment of employees; and (4) maintained employment records for all the related entities.

21. At all times relevant to the Complaint, each Defendant acted as an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 190(3) of the NYLL, N.Y. Lab. Law § 190(3).

22. Upon information and belief, at all times relevant herein, the Corporate Defendant was an "enterprise" and performed activities for a business purpose within the meaning of 29 U.S.C. §§ 203(r)(1) and (r)(2), due to its operation of a wholesale beverage distribution business.

23. Upon information and belief, at all times relevant herein, each Defendant employed more than two (2) employees and had a gross annual dollar volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) due to their operation of the wholesale beverage distribution business.

24. Upon information and belief, at all times relevant to the Complaint, each Defendant employed more than two (2) employees engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in connection with their operation of the wholesale beverage distribution business.

25. Upon information and belief, at all times relevant to the Complaint, each Defendant employed employees, including Plaintiff, who regularly were and are presently engaged in commerce or in the production of goods for commerce

or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. § 203(b), (g), (i) and (j) in connection with their operation of the wholesale beverage distribution business.

## IV.   FACTS

26.   Plaintiff repeats and realleges each and every allegation contained herein.

27.   Plaintiff was hired by Defendants in or around 2007 as a driver. Plaintiff worked for Defendants from his date of hire through December 7, 2017 in such a capacity.

28.   Plaintiff has no formal training and his duties required no advanced knowledge, skill and/or expertise.

29.   Plaintiff exclusively performed his duties on Long Island.

30.   For the duration of his employment, Plaintiff was paid a flat rate per day, dependent upon the number of cases he delivered.

31.   Plaintiff was paid $150.00 on days that he was scheduled to deliver less than 350 cases of Arizona products.

32.   Plaintiff was paid $200.00 on days that he was scheduled to delivery 350 or more cases of Arizona products.

33.   From his hire in 2010 until December, 2012 or January, 2013, Plaintiff regularly worked a weekly schedule of 4:30 a.m. until 8:30 p.m. every Tuesday, Wednesday, Thursday, and Friday and 4:30 a.m. until 5:00 p.m. every Saturday.

34. Accordingly, from 2010 until December, 2012 or January, 2013, Plaintiff regularly worked no fewer than sixty-eight (68) hours per week.

35. Despite this fact, Defendants paid Plaintiff a flat rate of $150.00 or $200.00 per day, regardless of the number of hours worked.

36. Accordingly, from 2010 until December, 2012 or January, 2013, Plaintiff was paid an average weekly wage of $875.00 per week.

37. Therefore, from 2010 until December, 2012 or January, 2013, Plaintiff was entitled to an hourly rate of $32.81 per hour for all hours worked in excess of forty (40) per week.

38. Plaintiff's schedule changed in or around December, 2012 or January, 2013.

39. From December, 2012 or January, 2013 until the cessation of his employment on or about December 7, 2017, Plaintiff regularly worked a weekly schedule of 4:30 a.m. until 7:00 p.m. every Tuesday, 4:30 a.m. until 5:00 p.m. every Wednesday, 4:30 a.m. until 8:00 p.m. every Thursday, and 4:30 a.m. until 6:00 p.m. every Friday.

40. Accordingly, from December, 2012 or January, 2013 until the cessation of his employment on or about December 7, 2017, Plaintiff regularly worked no fewer than fifty-six (56) hours per week.

41. Despite this fact, Defendants paid Plaintiff a flat rate of $150.00 or $200.00 per day, regardless of the number of hours worked.

42. From December, 2012 or January, 2013 until the cessation of his employment on or about December 7, 2017, Plaintiff was paid an average weekly wage of

7

$700.00 per week.

43. Therefore, from December, 2012 or January, 2013 until the cessation of his employment on or about December 7, 2017, Plaintiff was entitled to an hourly rate of $26.25 per hour for all hours worked in excess of forty (40) per week.

44. Plaintiff was paid exclusively in cash.

45. From 2010 through the end of his employment, Defendants reported Plaintiff's income as $250.00 per week, and deducted $30.00 from his pay as taxes and withholdings.

46. Defendants failed to compensate Plaintiff at a rate of one and a half (1.5) times his hourly rate for all hours worked in excess of forty (40) per week.

47. At all times relevant herein, Plaintiff performed the essential functions of his position in a more than satisfactory manner and satisfied all conditions precedent to payment in accordance with the established terms and conditions of his employment.

48. During Plaintiff's tenure, Defendants failed to properly record the number of hours worked by Plaintiff in a given week.

49. Defendants willfully disregarded and purposely evaded record keeping requirements of the FLSA and the NYYL by failing to maintain accurate time sheets and payroll records.

50. Defendants failed to post notices explaining wage and hour requirements in conspicuous locations as required by the FLSA, 29 C.F.R § 516.4 and the NYLL, N.Y.C.R.R. 12 § 137-2.3.

8

51. Defendants refused to provide Plaintiff time off for meal periods as required by law.

52. During Plaintiff's tenure, Defendants also failed to provide him with written notice of his wage rate, in accordance with the New York State Wage Theft Prevention Act, NYLL § 195.

53. Plaintiff is a "non-exempt" employee who is eligible for overtime premiums for all hours worked in excess of forty (40) per week.

54. In addition, Defendants routinely held Plaintiff after his scheduled shift without compensation.

55. On or about December 7, 2017, Plaintiff informed Defendants that he was resigning from his position.

56. Defendants have failed to remit Plaintiff his lawfully earned, but uncompensated wages for the work that he performed on Tuesday, December 5, 2017, Wednesday, December 6, 2017, and Thursday, December 7, 2017.

57. Accordingly, Defendants failed to provide with the New York State and Federal minimum wage rate for the work he performed on December 5, 2017, December 6, 2017, and December 7, 2017.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime – FLSA Violation)

58. Plaintiff repeats and realleges each and every allegation contained herein.

59. Defendants are each an employer, within the meaning contemplated, pursuant

9

to 29 U.S.C. § 203(d).

60.    Plaintiff is an employee within the meaning contemplated, under 29 U.S.C. § 203(e).

61.    Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

62.    Plaintiff worked in excess of forty (40) hours per week, every week.

63.    Plaintiff did not receive overtime compensation at the rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

64.    Consequently, by failing to pay overtime compensation, Defendants violated the governing provisions of the FLSA.

65.    Upon information and belief, Defendants' failure to pay overtime compensation was willful.

66.    By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Overtime – New York Labor Law Violation)

67.   Plaintiff repeats and re-alleges each and every allegation contained herein.

68.   Defendants are each an employer, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting NYDOL Regs.

69.   Plaintiff is an employee within the meaning contemplated, pursuant to 12 NYCRR §142-2.14 and the supporting NYDOL Regs.

70.   12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

71.   Plaintiff worked in excess of forty (40) hours per week, every week.

72.   Plaintiff did not receive overtime compensation at a rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

73.   Consequently, by failing to pay to overtime compensation, Defendants violated 12 NYCRR § 142-2.2.

74.   By the foregoing reasons, Defendants violated 12 NYCRR § 142-2.2 and is liable to Plaintiff, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

## THIRD CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage – FLSA Violation)

75.   Plaintiff repeats and re-alleges each and every allegation contained herein.

76.   During Plaintiff's tenure, Defendants failed to compensate him at the applicable minimum wage.

11

77. Defendants are each an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

78. Plaintiff is an employee, within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

79. Pursuant to 29 U.S.C. § 206, "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" at least the statutory minimum wage.

80. As set forth above, Plaintiff did not receive the statutory minimum wage for all hours worked.

81. Consequently, by failing to pay the statutory minimum wage, Defendants violated the governing provisions of the FLSA.

82. Upon information and belief, Defendants' failure to pay minimum wage was willful.

83. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

84. Upon information and belief, the records concerning the number of hours worked by Plaintiff, and those individuals similarly situated, as well as the compensation they received in each workweek are in the exclusive custody and control of Defendants.

## FOURTH CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage – NYLL Violation)

85.    Plaintiff repeats and realleges each and every allegation contained herein.

86.    During Plaintiff's tenure, Defendants failed to compensate him at the applicable minimum wage.

87.    Defendants are each an employer, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

88.    Plaintiff is an employee within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

89.    12 NYCRR § 142-2.1 requires that "[t]he minimum wage shall be paid for the time an employee is permitted to work, or is required to be available for work at a place prescribed by the employer."

90.    NYLL Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

91.    Plaintiff did not receive the statutory minimum wage for all hours worked.

92.    Consequently, by failing to pay the statutory minimum wage, Defendants violated the New York Labor Law § 190, et seq.

93.    By the foregoing reasons, Defendants are liable to Plaintiff an amount to be

13

determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

94. Upon information and belief, the records concerning the number of hours worked by Plaintiff as well as the compensation Plaintiff received in each workweek are in the exclusive custody and control of Defendants.

## FIFTH CLAIM FOR RELIEF
### (Failure to Pay Spread of Hours Pay – New York Labor Law Violation)

95. Plaintiff repeats and realleges each and every allegation contained herein.

96. Defendants are each an employer, within the meaning contemplated, under NYLL Article 19 § 651(6) and the supporting NYDOL Regs.

97. Plaintiff is an employee within the meaning contemplated, under NYLL Article 19 § 651(5) and the supporting NYDOL Regs.

98. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours [in a day]."

99. Upon information and belief, Defendants failed to pay Plaintiff an additional hour's pay when they worked more than ten (10) hours in a day.

100. Plaintiff regularly worked in excess of ten (10) hours per day.

101. Consequently, by failing to pay an additional hour's pay when Plaintiff worked more than ten (10) hours in a day, Defendants violated 12 NYCRR § 142-2.4.

102. By the foregoing reasons, Defendants violated 12 NYCRR § 142-2.4 and are

liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## SIXTH CLAIM FOR RELIEF
### (Failure to Pay Wages – Fair Labor Standards Act Violation)

103.  Plaintiff repeats and realleges each and every allegation contained herein.

104.  Defendants are each an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

105.  Plaintiff is an employee within the meaning contemplated, under 29 U.S.C. § 203(e).

106.  Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of 29 U.S.C. § 206(a).

107.  Defendants' failure to pay Plaintiff the wages he is owed for the work performed during the week of December 4, 2017 is willful and intentional.

108.  By the foregoing reasons, Defendants violated 29 U.S.C. § 206(a) and is liable to Plaintiff in an amount to be determined at trial, plus liquidated damages, attorneys' fees, and costs.

## SEVENTH CLAIM FOR RELIEF
### (Failure to Pay Wages – New York Labor Law Violation)

109.  Plaintiff repeats and realleges each and every allegation contained herein.

110.  Defendants are each an employer, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting NYDOL Regs.

111.  Plaintiff is an employee within the meaning contemplated, pursuant to 12 NYCRR §142-2.14 and the supporting NYDOL Regs.

15

112.    Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of NYLL §§ 2 and 651.

113.    Defendants' failure to pay Plaintiff the wages he is owed for the work performed during the week of December 4, 2017 is willful and intentional.

114.    By the foregoing reasons, Defendants violated NYLL §§ 2 and 651 and is liable to Plaintiff in an amount to be determined at trial, plus liquidated damages, attorneys' fees, and costs.

### EIGHTH CLAIM FOR RELIEF
### (New York Wage Theft Prevention Act Violation)

115.    Plaintiff repeats and realleges each and every allegation contained herein.

116.    The New York Wage Theft Prevention Act requires employers, upon hire, to "notify his or her employees, in writing, at the time of hiring of the rate of pay and of the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article, and obtain a written acknowledgement from each employee of receipt of this notice. Such acknowledgement shall conform to any requirements established by the commissioner with regard to content and form. For all employees who are eligible for overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

117.    Defendants did not provide Plaintiff with a wage notice as required by NYLL § 195.

16

118.  Consequently, Plaintiff, did not sign an acknowledgment confirming receipt of said notice, as required by NYLL § 195.

119.  For the foregoing reasons, Defendants violated NYLL § 195 and are subject to the maximum penalty for violations NYLL § 195.

### NINTH CLAIM FOR RELIEF
### (Failure to Maintain Records – New York Labor Law Violation)

120.  Plaintiff repeats and realleges each and every allegation contained herein.

121.  NYLL §§ 195(4) and 661 require employers to establish, maintain and preserve, for not less than six (6) years, contemporaneous, true, and accurate payroll records for each employee, including (1) payroll records for each week worked the hours worked; (2) the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other basis; (3) gross wages; (4) deductions; (5) allowances, if any, claimed by the minimum wage; and (6) net wages.  N.Y. Lab. Law §§ 195(4) & 661.

122.  NYLL §§ 195(4) and 661 requires employers payroll records to include the (1) regular hourly rate or rates of pay; (2) overtime rate or rates of pay; (3) number of regular hours worked; and (4) number of overtime hours worked. N.Y. Lab. Law §§ 195(4) & 661.

123.  Upon information and belief, Defendants failed to maintain true and accurate payroll records for Plaintiff, for the applicable statutory period.

124.  By the foregoing reasons, Defendants have violated NYLL §§ 195(4) & 661 and are subject to the maximum penalty for violations NYLL § 195.

## V.    DEMAND FOR JURY TRIAL

125.    Plaintiff repeats and realleges each and every allegation contained herein.

126.    Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of Defendants herein alleged, Plaintiff and those individuals similarly situated, respectfully request this Court grant the following relief:

a)    On the First, Second, Third, Fourth Fifth, Sixth and Seventh Claims for Relief, an award of Plaintiff's actual damages in an amount to be determined at trial plus interest;

b)    On the Eighth and Ninth Claims for Relief, an award up to the maximum penalty for violations NYLL § 195;

c)    Order Defendants pay Plaintiff a reasonable sum for expenses pursuant to the NYLL §§ 198 and 12 NYCRR §142-2.2;

d)    Declare Defendants violated the FLSA and NYLL;

e)    Enjoin Defendants from further acts in violation of the FLSA and NYLL;

f)    An award of liquidated damages where allowed by statute;

g)    Defendants be ordered to pay Plaintiff pre and post judgment interest;

h)    Defendant to pay all costs and disbursements of this action, including Plaintiff's attorneys' fees; and

i)   Order such other and further relief as may be just and proper.

Dated:          Bohemia, New York
                January 8, 2018

                                        ZABELL & ASSOCIATES, PC
                                        *Attorneys for Plaintiff*

                          By:           _____

                                        Saul D. Zabell, Esq.
                                        ZABELL & ASSOCIATES, P.C.
                                        1 Corporate Drive, Suite 103
                                        Bohemia, NY 11716
                                        Tel. (631) 589-7242
                                        Fax (631) 563-7475
                                        SZabell@laborlawsny.com